UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLENDA L. HILL, | ) |
| Plaintiff, | ) No. CV-09-0232-CI |
| v. | ) ORDER DENYING PLAINTIFF'S<br>) MOTION AND GRANTING<br>) DEFENDANT'S MOTION FOR |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) SUMMARY JUDGMENT |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 16.) Attorney Maureen J. Rosette represents Glenda Hill (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on June 16, 2006. (Tr. 113.) She alleged disability due to fibromyalgia, chronic fatigue, chronic hives, post-traumatic stress disorder (PTSD), and depression. (Tr. 117.) She claimed an onset date of June 2, 2006.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

*Id.* After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). A hearing before ALJ R.S. Chester was held on July 23, 2008. (Tr. 9-52.) Plaintiff, who was represented by counsel, and vocational expert Diane Kramer (VE) testified. The ALJ denied benefits on September 4, 2008, and the Appeals Council denied review. (Tr. 1-4, 60-69.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180

F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 50 years old, had a tenth grade education and high school equivalency degree. She was single with two adult children and lived alone in a rented duplex. She stated she also owned a house that she rented out for income. (Tr. 14-18, 42.) Plaintiff has past work experience as a cashier checker, elementary school teacher's assistant, and receptionist/general clerk. (Tr. 19-21, 118.) In her Disability Report, she indicated she had worked

as a teacher's assistant between 1983 and 1996. (Tr. 118.) She was also a foster parent for two years. (Tr. 23.) Plaintiff reported she could no longer work because of back, knee and shoulder pain, hives and mental problems. (Tr. 24, 29, 129.) She stated prescription medication for hives makes her ill and she takes over the counter medication for joint pain and irritable bowel syndrome symptoms. (Tr. 25-26.) She also reported she has been in mental health counseling over the years, and started counseling again two weeks prior to the hearing. (Tr. 26-27.) Plaintiff stated she could sit for 40 minutes, stand for 10 to 15 minutes, walk four blocks and lift a couple of pounds, but not a gallon of milk. (Tr. 35-38.) She also reported symptoms from irritable bowel syndrome and severe headaches. (Tr. 40-41.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff's date of last insured for DIB purposes was December 31, 2010. (Tr. 62.) At step one, he found Plaintiff had not engaged in substantial gainful activity since June 2, 2006, the alleged onset date. At step two, he found Plaintiff had severe impairments of "Fibromyalgia, Urticaria, Cognitive Disorder NOS (Provisional), Adjustment Disorder with Anxious Mood, and Depression." (*Id*.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 63.) At step four he found Plaintiff retained the residual functional capacity (RFC) to perform light work with normal breaks and had the following non-exertional limitations: "can occasionally climb a ramp/stairs, balance, stoop, kneel, crouch, and crawl, but can never climb a

ladder/rope/scaffolds. She is limited to goal-oriented, simpler tasks without production quotas, and can have limited contact with the public." (Tr. 65-66.) In his discussion of Plaintiff's RFC, the ALJ summarized Plaintiff's testimony and concluded her subjective statements regarding severe limitations and symptoms inconsistent with the RFC findings were not credible. (Tr. 32-34.) At step four, he determined she could perform her past work as a school crossing guard, a school playground monitor and an elementary school teacher's assistant. (Tr. 68.) He found Plaintiff was not under a "disability" as defined by the Social Security Act at any time from December 1, 2004, through the date of his decision. (Tr. 36.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) failed to give legally sufficient reasons for rejecting her symptom testimony; (2) improperly excluded moderate limitations assessed by examining psychologist Janet Everhart, Ph.D., and reviewing psychologist Mary Gentile, Ph.D.; and (3) failed to include all her limitations in the final RFC determination. (Ct. Rec. 15 at 12-15.)

**DISCUSSION**

**A.   Credibility**

Plaintiff contends the ALJ did not specifically reject her testimony describing severe limitations caused by fibromyalgia and urticaria symptoms of pain, fatigue and itching. (Ct. Rec. 15 at 13.) She stated at the hearing that she needed to rest three to four times a day for 20 to 40 minutes and her hives caused itching spells ten times a day for 15 to 20 minutes. (*Id*. at 14; Tr. 33-

37.)

When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying impairment and the impairment or combination of impairments "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).  Thus, although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, the medical evidence is a relevant factor to consider.  *Social Security Ruling* (*SSR*) 96-7p. Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant.

As ruled by the Ninth Circuit,

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

> has an ailment reasonably expected to produce <u>some</u> pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In assessing the reliability of a claimant's allegations, the ALJ may apply ordinary techniques of credibility evaluation, as well as consider the following factors: the claimant's reputation for truthfulness; inconsistencies either in her allegations of limitations or between her statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597 n.5. The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the ALJ").

As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's subjective symptom complaints to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. Here, the ALJ discounted Plaintiff's allegations to the extent they are inconsistent with her capacity to do past work as a teacher's assistant. (Tr. 67.) Because there is no affirmative evidence of malingering, the ALJ's reasons for discounting Plaintiff's allegations must be specific, "clear and convincing."

After finding that Plaintiff's medically determinable impairments could be expected to produce alleged symptoms, the ALJ addressed the testimony relating to her pain, fatigue and itching: "In terms of the claimant's allegation that her fibromyalgia and hives prevent her from working, it is noteworthy that, according to her Disability Report, she worked for approximately 23 years after her fibromyalgia and chronic hives first bothered her in September 1983." (Tr. 67.) He then referenced her statements in a prior written report that she continued to work after the onset of these conditions without changing her work hours or job duties. (Tr. 67, 117.) The ALJ elaborated further on this inconsistency in her testimony and found she failed to produce evidence that her fibromyalgia and hives are worse than they were when she was working as a teacher's assistant. (*Id*.) These findings are sufficiently specific to discredit the severity claimed by Plaintiff at the hearing.

Further, as found by the ALJ, medical evidence does not support the degree of severity claimed by Plaintiff. (Tr. 67.) This is a clear and convincing reason to discount credibility as long as it is not the only reason. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Specifically, the ALJ found Plaintiff's physician, Dr. Balek, found Plaintiff's hives and fibromyalgia were "mildly exacerbated" in June 2006, only three weeks after she stopped working allegedly due to her symptoms. (Tr. 67, 117, 160.) The ALJ also noted examining physicians of record neither observed disabling limitations due to fibromyalgia or hives nor opined she was unable to work because of these conditions. The ALJ gave specific, "clear and convincing" reasons for discounting Plaintiff's allegations of incapacitating

limitations, pain, and fatigue due to fibromyalgia and hives. As discussed below, Plaintiff's complaints of pain, fatigue and distraction caused by fibromyalgia and hives are not totally rejected. The Commissioner's RFC findings that Plaintiff is limited to light work as performed in the past include those non-exertional limitations caused by Plaintiff's impairments and supported by the record in its entirety.

**B.    RFC Determination**

Plaintiff next argues the ALJ erred at step four by not including unrejected "moderate" limitations in her "ability to maintain concentration, persistence and pace" assessed by Drs. Everhart and Gentile. (Ct. Rec. 15 at 15.) Acknowledging the ALJ's finding that Plaintiff is limited to "goal-oriented, simpler tasks without production quotas and limited contact with the public," Plaintiff appears to argue the ALJ is obliged to include the exact limitations identified by these psychologists in his hypothetical to the VE and the final RFC. This argument is without merit.

The Commissioner's RFC determination represents the most a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Id.; SSR* 96-8p (relevant evidence includes reports of daily activities, recorded observations, credible symptom testimony). The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p. No special significance is to be given to a medical source opinion on

issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e).

Here, the ALJ discussed in detail the evidence relied upon in forming the final RFC, including Dr. Everhart's psychological evaluation (based in part on objective testing) and Dr. Gentile's agency RFC assessment. (Tr. 66-68.) He specifically relied upon Dr. Everhart's narrative explanation of evaluation results that show Plaintiff's "attention, concentration and intellectual ability appear to be within normal limits," possible "difficulty with executive functioning in terms of pace," and low persistence due to unpredictable fibromyalgia symptoms. (Tr. 64, 164-69.) Consistent with Dr. Everhart's findings, the ALJ found Plaintiff "is better suited to simple, goal-oriented task." (Tr. 68, 168-69.) He also found Dr. Gentile's narrative explanation of her summary findings after reviewing the records supported these limitations. (*Id.*, Tr. 199.) Independent review of the record shows Dr. Gentile specifically addressed Plaintiff's pace and ability to persist and concentrate, finding she "is capable of simple tasks with adequate pace"; and "[h]er attention and concentration would have lapses related to her physical complaints and anxiety s[ymptoms]." (Tr. 199.) Neither psychologist found Plaintiff unable to work because of non-exertional limitations.

The ALJ did not ignore the limitations assessed by Drs. Everhart and Gentile. His hypothetical to the VE and the final RFC findings include "a restriction to simpler tasks without production quotas rather than goal oriented" and "limited contact with the public." (Tr. 49-50.) Because restrictions presented in the hypothetical and the final RFC determination reflect almost verbatim

the limitations assessed by Drs. Everhart and Gentile, the ALJ did not err. *Valentine v. Commissioner Social Sec. Admin.* 574 F.3d 685, 691-92 (9th Cir. 2009). The work related limitations assessed by the ALJ and his step four findings are supported by the record in its entirety (Tr. 49, 66, 68, 169, 199), are free of legal error and, therefore, may not be disturbed. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED October 6, 2010.

S/ CYNTHIA IMBROGNO<br>UNITED STATES MAGISTRATE JUDGE